UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
LIZET ZEA,

                        Plaintiff,

              - against -

DETECTIVE CHRISTOPHER
GRIFFITH, *et al.*

                     Defendants.
------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-2200 (PKC) (TAM)

PAMELA K. CHEN, United States District Judge:

Plaintiff Lizet Zea ("Zea" or "Plaintiff"), proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983 on April 21, 2025, against Detective Christopher Griffith, Detective Nunez, Detective Kevin O. Stewart, and the City of New York (collectively, "Defendants"). Before this Court is Plaintiff's proposed Order to Show Cause ("OSC") for Preliminary Injunction and Temporary Restraining Order. For the reasons that follow, the request for emergency injunctive relief is denied.

Plaintiff's OSC for emergency injunctive relief seeks to enjoin the defendant law enforcement officers "from continuing to target, harass, defame, threaten, or otherwise engage in any form of law enforcement action against Plaintiff without judicial authorization and in violation of her constitutional rights." (OSC, Dkt. 3, at ECF[1] 2.) Plaintiff states that as part of her job as an assistant to a rental agent, she facilitated a rental agreement on behalf of a landlord, which was later cancelled. (*Id.* at ECF 3.) Plaintiff then returned the deposit to "the complainant's designee." (*Id.*) Thereafter, unspecified "NYPD Detectives" circulated a poster labeled "WANTED FOR

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

GRAND LARCENY" to Plaintiff's personal phone and threatened public distribution. (*Id.* at ECF 2–3.) Plaintiff further states that she has "personal ties to one of the detectives" named as defendants but does not state which one. (*Id.*) Plaintiff does not provide any further information about the "wanted" poster and does not attach a copy of the poster. Nor does she provide the date of any of the incidents alleged or further information about the real estate transaction that appears to be the basis of the dispute.

Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies, *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007), which are "never awarded as of right," *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008), or "as a routine matter." *JSG Training Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990). To obtain such relief, the moving party must show "(a) irreparable harm and (b) either (1) likelihood of success on the on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party seeking preliminary relief." *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund, Inc.*, 598 F.3d 30, 35 (2d Cir. 2010). The Second Circuit defines irreparable harm as "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *New York v. U.S. Dep't of Homeland Sec.*, 969 F.3d 42, 86 (2d Cir. 2020) (citation omitted).

The Court has reviewed Plaintiff's motion for a preliminary injunction and temporary restraining order and finds that it does not meet the standard for emergency injunctive relief. Though Plaintiff alleges that she may be arrested by Defendants, such harm is speculative, at best. *Grand River Enter. Six Nations, Ltd. v. Pryor,* 481 F.3d 60, 66 (2d Cir.2007) ("To satisfy the irreparable harm requirement, Plaintiff[ ] must demonstrate that absent a preliminary injunction

[he] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm."); *Lentjes Bischoff GmbH v. Joy Envtl. Tech, Inc.,* 986 F. Supp. 183, 187 (S.D.N.Y.1997) ("'[A] plaintiff's imaginative, worst-case scenario flowing from the defendant's alleged wrong' does not adequately show irreparable injury." (citations omitted)); *Spiteri v. Russo*, No. 12-CV-2780 (MKB), 2012 WL 5289586, at *6 (E.D.N.Y. Oct. 19, 2012) (an alleged arrest warrant is insufficient evidence of irreparable harm).

Accordingly, Plaintiff's proposed OSC for preliminary injunctive relief and a temporary restraining order is denied.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated:  April 22, 2025
        Brooklyn, New York