UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LIZET ZEA,

                 Plaintiff,

      - against -

DETECTIVE CHRISTOPHER
GRIFFITH, *et al.*

                Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-2200 (PKC) (TAM)

PAMELA K. CHEN, United States District Judge:

On April 21, 2025, Lizet Zea ("Plaintiff"), proceeding *pro se*, filed this action against New York City Police Department ("NYPD") Detectives Christopher Griffith, Nunez[1], Kevin O. Stewart, (together, "Individual Defendants"), and the City of New York, (altogether, "Defendants"), pursuant to 42 U.S.C. § 1983 ("Section 1983"), (Compl., Dkt. 1), along with a proposed Order to Show Cause ("OTSC") seeking a temporary restraining order and a preliminary injunction, (OTSC, Dkt. 3). Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted pursuant to 28 U.S.C. § 1915(a). (IFP Mot., Dkt. 2.) On April 22, 2025, the Court denied Plaintiff's proposed OTSC. (Mem. & Order, Dkt. 5.) For the reasons set forth below, the Court dismisses the Complaint against the City of New York and grants Plaintiff leave to amend the Complaint against the remaining Individual Defendants by May 23, 2025.

## BACKGROUND

Plaintiff alleges that "[d]espite having no criminal record and no active warrant, Plaintiff was falsely labeled as 'WANTED FOR GRAND LARCENY' by the named detectives based on

---

[1] The Complaint does not provide Defendant Nunez's first name.

1

a private civil dispute over a refundable rental deposit." (Compl., Dkt. 1, at 4.) Plaintiff further alleges that "[t]he flyer disseminated to her personal phone was altered to remove the official NYPD warning 'Do Not Distribute to Non-Law Enforcement Personnel' and was accompanied by threats to publicly post the image in a residential building where Plaintiff does not reside." (*Id.*) Plaintiff seeks unspecified damages, and declaratory and injunctive relief. (*Id.* at 5.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Although courts assume all allegations contained in the complaint to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, courts must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition, a district court must dismiss an IFP action if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

To state a claim under Section 1983, a plaintiff must plausibly allege "(1) that the defendants deprived [her] of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

**A.     City of New York**

In order to sustain a claim for relief under Section 1983 against the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 692 (1978); *see also Plair v. City of New York*, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) ("Following *Iqbal* and *Twombly*, *Monell* claims must satisfy the plausibility standard.").

Here, Plaintiff does not allege, and nothing in her Complaint suggests, that any of the Defendants' allegedly wrongful acts or omissions are attributable to a municipal policy or custom. (*See generally*, Compl., Dkt. 1.) As such, Plaintiff has not alleged an officially adopted policy or custom, nor has she alleged the required "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Therefore, Plaintiff's Complaint is dismissed as to Defendant City of New York for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

**B.     Individual Defendants**

Plaintiff sues three NYPD Detectives—Christopher Griffith, Detective Nunez, and Kevin Stewart—and alleges that she was "falsely labeled" as having committed a crime "based on a

3

private civil dispute over a refundable rental deposit."[2]  (Compl., Dkt. 1, at 4.)  However, Plaintiff does not allege when and where this occurred and does not explain the "private civil dispute" at issue.  Although Plaintiff alleges a "campaign of intimidation," it is unclear what she claims actually occurred.  (*Id.*)  For example, though Plaintiff alleges "unlawful seizure and targeting without due process," "violation of Miranda rights," "public defamation and abuse of police power," and "conflict of interest," (*id.*), these claims are not supported by facts stated in the Complaint.

Pursuant to Federal Rule of Civil Procedure ("Rule") 8(a), a plaintiff must provide facts sufficient to allow each named defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (citation omitted).  "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative, . . . to dismiss the complaint," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), but a *pro se* litigant should generally be granted "leave to amend at least once," *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (citation omitted).  Here, Plaintiff does not allege what each Individual Defendant did, or failed to do, in violation of her constitutional rights, and therefore fails to state a claim against any Individual Defendant.  However, the Court grants Plaintiff leave to amend the Complaint to comply with Rule 8(a) as to the Individual Defendants.

---

[2] In Plaintiff's proposed OTSC, she alleges that as part of her job as an assistant to a rental agent, "she facilitated a rental agreement on behalf of a landlord, which was later cancelled," and that she "refunded the full deposit to the complainant's designee."  (OTSC, Dkt. 3, at ECF 3.)  Plaintiff does not identify the "complainant" as any of the Individual Defendants.  In addition, Plaintiff states that she has "personal ties to one of the detectives" named as Defendants, but does not state which one.  (*Id.*)

## CONCLUSION

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed as to the City of New York for failure to state a claim. The Court grants Plaintiff leave to file an amended complaint by **May 23, 2025**, against the Individual Defendants that complies with Rule 8(a) (requiring the complaint to provide, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief").

If Plaintiff elects to file an amended complaint, it must be captioned "Amended Complaint," and bear the same docket number as this Memorandum and Order, No. 25-CV-2200 (PKC) (TAM). In the amended complaint, Plaintiff must provide the date and location for each relevant event and provide a short, plain statement of the relevant facts supporting each claim against each Individual Defendant with personal involvement for the acts or omissions giving rise to her claims. The amended complaint shall replace the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint. Any facts or claims that are relevant from the original complaint must be repeated in the amended complaint.

If Plaintiff fails to file an amended complaint against the Individual Defendants within the time allowed or show good cause for an extension of time, the Court shall dismiss the Complaint against the Individual Defendants and the Clerk of Court shall be directed to enter judgment and close this case. The amended complaint, if filed, shall be reviewed for substantive sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order along with a general civil rights complaint form to the *pro se* Plaintiff and note service on the docket.  Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212)-382-4729 or online at https://www.citybarjusticecenter.org/federal-pro-se-legal-assistance-project for free, confidential, limited-scope legal assistance.  The Court notes that the Federal Pro Se Legal Assistance Project is not part of, or affiliated with, the United States District Court.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 25, 2025
       Brooklyn, New York