UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

LIZET ZEA,

                    Plaintiff,

     - against -

DETECTIVE CHRISTOPHER
GRIFFITH, *et al.*

                    Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**

25-CV-2200 (PKC) (TAM)

PAMELA K. CHEN, United States District Judge:

        On April 21, 2025, Lizet Zea ("Plaintiff"), proceeding *pro se*, filed this action against New York City Police Department ("NYPD") Detectives Christopher Griffith, Nunez[1], Kevin O. Stewart, (together, "Individual Defendants"), and the City of New York, (altogether, "Defendants"), pursuant to 42 U.S.C. § 1983 ("Section 1983"), (Compl., Dkt. 1), along with a proposed Order to Show Cause ("OTSC") seeking a temporary restraining order and a preliminary injunction, (OTSC, Dkt. 3). On April 22, 2025, the Court denied Plaintiff's proposed OTSC. (Mem. & Order, Dkt. 5.)[2] On April 25, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), dismissed the Complaint against the City of New York, and granted Plaintiff leave to amend the Complaint against the remaining Individual Defendants by May 23, 2025. (Mem. & Order, Dkt. 6.)

        Before the Court is Plaintiff's second motion to proceed IFP, (Dkt. 10), and an Amended Complaint against the same Defendants dated May 22, 2025, (Am. Compl., Dkt. 11). For the

---

[1] The Complaint does not provide Defendant Nunez's first name.

[2] The Court also later denied Plaintiff's motion for reconsideration of the Court's Order denying Plaintiff's proposed OTSC. (5/5/2025 Dkt. Order.)

reasons set forth below, the Court, once again, dismisses the Amended Complaint against the City of New York and grants Plaintiff leave to file a Second Amended Complaint against the remaining Individual Defendants by August 20, 2025. Further, Plaintiff's second IFP application is denied as moot—the Court has granted Plaintiff's IFP application, (*see* Mem. & Order, Dkt. 6), and she is not required to file a new application unless directed by the Court to do so.

## BACKGROUND

Plaintiff alleges that "[o]n or about March 26, 2025, in Queens County," she "facilitated a rental transaction that was later canceled by the landlord. The rental deposit was returned to the complainant's designee." (Am. Compl., Dkt. 11, at ECF[3] 1.) Plaintiff does not identify the "complainant's designee." (*See generally id*.) Plaintiff alleges that she "began receiving threatening communications and harassment from Detective Nunez, including the transmission of a 'WANTED FOR GRAND LARCENY' poster" sent to her cellphone. (*Id.* at ECF 2.) Plaintiff admits that she has not been arrested and that the poster has not been circulated to the public. (*Id.*) Plaintiff further alleges that "Detective Christopher Griffith has a known personal connection to the complainant's designee" and that "Detective Stewart was involved in follow-up visits to Plaintiff's home and workplace and continued the campaign of intimidation and harassment." (*Id.*) Plaintiff includes several exhibits, such as a partial copy of a receipt for $2,000, a business card for Detective Griffith, screenshots of text messages and social media, along with the purported poster.[4] (*Id.* at ECF 4–16). Plaintiff seeks $15 million in damages. (*Id.* at ECF 3.)

---

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[4] The purported "wanted poster" does not identify Plaintiff by name. (*Id.* at ECF 10–11.)

2

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although courts assume all allegations contained in the complaint to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, courts must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). In addition, a district court must dismiss an IFP action if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

To state a claim under Section 1983, a plaintiff must plausibly allege "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

**A.     City of New York**

By Order dated April 25, 2025, the Court dismissed the Complaint against the City of New York. (Mem. & Order, Dkt. 6.) Plaintiff has again named the City of New York as a defendant in her Amended Complaint. (*See* Am. Compl., Dkt. 11.) As in the prior pleading, Plaintiff does not allege, and nothing in her Amended Complaint suggests, that any of Defendants' allegedly

wrongful acts or omissions are attributable to a municipal policy or custom. (*See generally*, Am. Compl., Dkt. 11.) As such, Plaintiff has not alleged an officially adopted policy or custom, nor has she alleged the required "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Therefore, Plaintiff's Amended Complaint is dismissed as to Defendant City of New York for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

### B.   Individual Defendants

Plaintiff alleges that Detective Nunez sent the "wanted poster" to her phone "on or about March 30, 2025," and that Detective Stewart "was involved in visits to Plaintiff's home and workplace," but does not provide any dates or locations for these alleged visits. (Am. Compl., Dkt. 11, at ECF 2.) Plaintiff further alleges that Detective Christopher Griffith "has a known personal connection to the complainant's designee . . . and influenced the decision to target Plaintiff." (*Id*.) First, to the extent Plaintiff is seeking to file on behalf of someone else, such as the "complainant's designee," she cannot do so. Although federal law affords parties a statutory right to "plead and conduct their own cases," 28 U.S.C. § 1654, that statute does not permit "unlicensed laymen to represent anyone else other than themselves." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)); *see Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself." (citing *Lattanzio*, 481 F.3d at 139)).

Second, to the extent that the allegations are personal to Plaintiff and did not occur to anyone else, she has not alleged facts sufficient to rise to the level of a federal constitutional violation. According to Plaintiff, she has not been charged, arrested, or convicted of any crime. (Am. Compl., Dkt. 11, at ECF 2.) As in her prior pleading, Plaintiff's claims against the Individual

4

Defendants remain speculative, conclusory, and not supported by facts to suggest a constitutional violation under the Fourth, Fifth, or Fourteenth Amendments, even when liberally construed.

## CONCLUSION

Accordingly, the Amended Complaint is dismissed as to the City of New York for failure to state a claim. In light of Plaintiff's *pro se* status and in an abundance of caution, the Court grants Plaintiff leave to file a Second Amended Complaint by August 20, 2025, against the Individual Defendants that complies with Federal Rule of Civil Procedure 8(a) (requiring the complaint to provide, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief").

If Plaintiff elects to file a Second Amended Complaint, it must be captioned "Second Amended Complaint," and bear the same docket number as this Memorandum and Order, No. 25-CV-2200 (PKC) (TAM). In the Second Amended Complaint, Plaintiff must provide the date and location for each relevant event and provide a short plain statement of the relevant facts supporting each claim against each Individual Defendant with personal involvement for the acts or omissions giving rise to her claims. The Second Amended Complaint shall replace the Complaint and the Amended Complaint. That is, the Second Amended Complaint must stand on its own without reference to either the original Complaint or the Amended Complaint. Plaintiff may attach exhibits, but she must explain the relevance of each exhibit attached to the Second Amended Complaint. Random screenshots, photos, and text messages are not proper exhibits. Plaintiff shall not refer to "complainant's designee" without providing an explanation. If the allegations occurred to someone other than Plaintiff, she cannot in good faith continue this litigation as she cannot represent other parties. Unless Plaintiff can allege facts to support a claim against the City of New

York as discussed above, she should not include the City of New York as a defendant in the Second Amended Complaint.

If Plaintiff fails to file a Second Amended Complaint within the time allowed or show good cause for an extension of time, the Court shall dismiss the action and the Clerk of Court shall be directed to enter judgment and close this case. The Second Amended Complaint, if filed, shall be reviewed for substantive sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order along with a general civil rights complaint form to the *pro se* Plaintiff and note service on the docket. Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 or online at https://www.citybarjusticecenter.org/federal-pro-se-legal-assistance-project for free, confidential, limited-scope legal assistance. The Court notes that the Federal Pro Se Legal Assistance Project is not part of, or affiliated with, the United States District Court.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 21, 2025
      Brooklyn, New York