UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LIZET ZEA,

                Plaintiff,

        - against -

NYPD DETECTIVE CHRISTOPHER
GRIFFITH, NYPD DETECTIVE KEVIN
STEWART,

                Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-2200 (PKC) (TAM)

PAMELA K. CHEN, United States District Judge:

On April 21, 2025, Lizet Zea ("Plaintiff"), proceeding *pro se*, filed this action against New York City Police Department ("NYPD") Detectives Christopher Griffith ("Griffith"), Nunez,[1] and Kevin O. Stewart ("Stewart") (together, "Individual Defendants"), and the City of New York, (altogether, "Defendants"), pursuant to 42 U.S.C. § 1983 ("Section 1983"), (Compl., Dkt. 1), along with a proposed Order to Show Cause ("OTSC") seeking a temporary restraining order and a preliminary injunction, (OTSC, Dkt. 3). On April 22, 2025, the Court denied Plaintiff's proposed OTSC. (Mem. & Order, Dkt. 5.)[2] On April 25, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), dismissed the Complaint against the City of New York, and granted Plaintiff leave to amend the Complaint against the remaining Individual Defendants by May 23, 2025. (Mem. & Order, Dkt. 6.) Plaintiff filed an amended complaint dated May 22, 2025, (First Am. Compl., Dkt. 11), along with a second motion to proceed IFP. (Dkt. 10.) On

---

[1] The Complaint did not provide Defendant Nunez's first name.

[2] The Court also later denied Plaintiff's motion for reconsideration of the Court's Order denying Plaintiff's proposed OTSC. (05/05/2025 Dkt. Order.)

July 21, 2025, the Court denied Plaintiff's second request to proceed IFP as moot, dismissed the First Amended Complaint against the City of New York, and granted Plaintiff leave to file a second amended complaint against the remaining Defendants by August 20, 2025. (Mem. & Order, Dkt. 12.)

Before the Court is Plaintiff's Second Amended Complaint filed August 20, 2025 against Detectives Griffith and Stewart. (Second Amended Complaint ("SAC"), Dkt. 13.) For the reasons set forth below, the Court dismisses the SAC as to Detective Stewart and allows the case to proceed against Detective Griffith.

## BACKGROUND

Plaintiff alleges that on October 31, 2024, "the owner of the apartment located at 153-22 78th Avenue, Flushing NY 11367, requested [her] assistance in renting the unit," and that she then "began showing the apartment to interested individuals." (SAC, Dkt. 13, at ECF[3] 3.) Plaintiff claims to have accepted an initial deposit of $2,000 from one of the interested individuals, Alejandra Pérez ("Pérez"), on November 13, 2024. (*Id.*; *see also id.* at ECF 8 (alleged receipt of the transaction).) On November 20, 2024, according to Plaintiff, "the landlord reject[ed] the agreement" because Pérez misrepresented the number of occupants for the apartment and requested to pay by check instead of cash. (*See id.* at ECF 3.) Thereafter, Pérez allegedly "demand[ed] the return of the $2,000 deposit" from Plaintiff, "accused [Plaintiff] of theft," and "threatened that she would involve her 'detective friend.'" (*Id.* at ECF 4.) Detective Griffith then allegedly visited Plaintiff's son's residence "on at least three occasions" and informed Plaintiff's son that Plaintiff was "required to appear" at a police precinct "regarding a complaint from a family

---

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

2

alleging that [Plaintiff] had taken their money for an apartment." (*Id.*) Plaintiff claims to have returned the deposit to Pérez on March 22, 2025 by sending the funds "into the account of Moises Diaz Matute" in accordance with Pérez's instructions. (*Id.*)

Despite the alleged payment, Plaintiff claims that on March 30, 2025, "Detective Nunez sent to [her] cellphone via WhatsApp a 'WANTED FOR GRAND LARCENY' poster" including her photograph and personal information, but not her name. (*Id.* at ECF 4–5.) Said poster allegedly identified "Det. Kevin Stewart" as the investigator and stated that "[a]nyone with information regarding the above subject" should "notify Det. Kevin Stewart." (*Id.*) Plaintiff further claims that the poster "was disseminated" and that Detectives Griffith and Nunez texted and called her on her cellphone telling her to come to "the NYPD precinct." (*Id.* at ECF 5.)

Plaintiff attaches to the SAC part of the alleged receipt for the $2,000 cash deposit, with the date partially omitted and signed by Alejandra Pérez; a business card for Detective Griffith; screenshots of text messages and social media; a letter confirming that Plaintiff is receiving therapy sessions; and a letter from the New York City Law Department seeking a signed release in connection with this case. (SAC, Dkt. 13, at ECF 14–21.) Plaintiff asserts Section 1983 claims for violations of the Fourth Amendment ("Unreasonable Seizure and Stigmatization"), Fifth and Fourteenth Amendments ("Due Process and Equal Protection"); and a state law claim for "Defamation and Infliction of Emotional Distress." (*Id.* at 3.) Plaintiff claims that the Detectives' actions have caused her "severe emotional distress, . . . loss of professional opportunities, and reputational harm." (*Id.* at ECF 5.) Plaintiff seeks monetary and declaratory relief. (*Id.* at ECF 6.)

## LEGAL STANDARD

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when a plaintiff "pleads factual

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). Although courts assume all allegations contained in the complaint to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing a *pro se* complaint, courts must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an IFP action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

### I. Section 1983

Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).

To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–

50 (1999)). Claims brought pursuant to Section 1983 must allege the defendant's direct or personal involvement in the alleged constitutional deprivation. *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, had violated the Constitution." (quoting *Iqbal,* 556 U.S. at 676)). Rule 8 of the Federal Rules of Civil Procedure further requires "a short, plain statement of claim against each defendant named so that each defendant has adequate notice of the claims against them." *Young v. New York City*, No. 25-CV-0381 (PKC) (TAM), 2025 WL 948350, at *2 (E.D.N.Y. Mar. 28, 2025) (citing *Iqbal*, 556 U.S. at 678).

      **A.**     **Plaintiff's Section 1983 Claims Against Detective Stewart**

Here, Plaintiff sues Detectives Griffith and Stewart but does not allege sufficient facts to allow the Section 1983 claim to proceed against Detective Stewart. Apart from the case's caption listing the defendants, Detective Stewart's name appears only in the SAC as the police's point of contact in the "wanted" poster allegedly disseminated with Plaintiff's picture and information. (*See* SAC, Dkt. 13, at ECF 4–5.) That is not enough to establish Detective Stewart's liability. There are no claims, for instance, that Detective Stewart prepared the poster, disseminated it, or was otherwise involved in any of Plaintiff's claims against the other detectives. There is no "short, plain statement" that could provide Detective Stewart with "adequate notice of the claims against [him]." *Young*, 2025 WL 948350, at *2 (citing *Iqbal*, 556 U.S. at 678). Accordingly, the action is dismissed as to Detective Stewart pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See also Johnson v. Barney*, 360 F.App'x 199, 201 (2d Cir. 2010) (summary order) (affirming dismissal "as a matter of law" where a plaintiff failed to allege "sufficient personal involvement"); *Woodson v. Nassau Cnty.*, No. 24-CV-7580 (JMA) (LGD), 2025 WL 814752, at *3 (E.D.N.Y. Mar. 13, 2025) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff." (quoting *Dean v. Annucci*,

5

No. 22-CV-0746 (BKS) (ML), 2023 WL 2325074, at *6 (N.D.N.Y. Mar. 2, 2023)). However, if Plaintiff later obtains evidence through discovery that would support claims against Detective Stewart, she may seek to add him back via an amended complaint.

The Court finds that Plaintiff has alleged sufficient facts against Detective Griffith to allow her Section 1983 and state law claims to proceed against him. In addition, because Plaintiff alleges many of the same facts against Detective Nunez, the Court *sua sponte* allows Plaintiff thirty (30) days to file a third amended complaint adding Detective Nunez to the same causes of action as Detective Griffith.

## CONCLUSION

Accordingly, the Second Amended Complaint, filed *in forma pauperis*, is dismissed as to Detective Stewart for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). No summons shall issue as to this Defendant and the Clerk of Court is directed to reflect the dismissal of this Defendant on the docket. The Second Amended Complaint shall proceed as to Detective Griffith, and Plaintiff may file a third amended complaint within thirty (30) days solely for the purpose of adding Detective Nunez as a Defendant to the same causes of action as Detective Griffith.

No summons will issue until the 30-day period has elapsed. At that time, a summons shall issue, and the United States Marshals Service shall serve the summons and the operative complaint, i.e., either the Second Amended Complaint or the Third Amended Complaint (should Plaintiff file one), upon Detective Griffith and, if added to this case, Detective Nunez, without prepayment of fees. The case is referred to United States Magistrate Judge Taryn A. Merkl for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to the *pro se* Plaintiff and a copy to the Corporation Counsel of the City of New York, Special Federal Litigation Division, and note the mailings on the docket.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 7, 2025
      Brooklyn, New York